NOT FOR PUBLICATION (Doc. No. 10)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB | : : : : |
| Plaintiff | : Civil No. 15-7859 : |
| v. | : : |
| KEITH HARVIN, | : **OPINION** : : |
| Defendant. | : : |

**Kugler**, United States District Judge:

Wilmington Savings Fund Society, FSB ("Plaintiff" or "WSFS") brings claims seeking a judgment in mortgage foreclosure and for sale of collateral securing said mortgage, and also seeks an *in personam* judgment against Keith Harvin ("Defendant" or "Harvin") for the default on the Note securing his mortgage. This matter comes before the Court on Plaintiff's Motions for Summary Judgment in the related actions (Doc No. 10-3) (No. 15-7853, Doc. No. 11). For the following reasons, Plaintiff's motion is **GRANTED**.

## I. FACTUAL BACKGROUND

The facts in the light most favorable to the Defendant are as follows: WSFS and Defendant entered into a Home Equity Line Agreement and Disclosure Statement ("Note") on August 15, 2005. Plaintiff's Statement of Material Facts Not in Dispute ("Pl.'s Statement"), ¶ 3 (Doc. No 10); Defendant's Response to Pl.'s Statement ("Def.'s Resp."), ¶ 3 (Doc. No. 14). The Note provides for a loan with a credit limit of up to $2,136,000. *Id. See also* Compl., Ex. A (Doc.

No. 1). Defendant executed and delivered a Mortgage to Plaintiff as security for repayment of the Loan on August 15, 2005, which was then recorded in the Cape May County Clerk's Office. Pl.'s Statement, ¶ 5-6; Def.'s Resp., ¶ 5-6.

On September 30, 2015, Plaintiff sent Defendant a letter informing him of his default under the terms of the Note and Mortgage. Pl.'s Statement, ¶ 9; Def.'s Resp., ¶ 9. Defendant admits that he failed to make regular monthly payments under the terms of the Note and Mortgage for the months of August, September, October, November, and December 2015, and has not paid any sums due as of the filing of the Motion for Summary Judgment. Pl.'s Statement, ¶ 11, 14; Def.'s Resp., ¶ 11, 14. Plaintiff claims that Defendant has also failed to pay off taxes that have become liens against the property, nor has he cured the defaults detailed in Plaintiff's default notice. Pl.'s Statement, ¶ 12; Def.'s Resp., ¶ 12. Defendant denies that he has failed to pay the delinquent taxes for the purposes of this motion, though he admitted this fact in the related matter. Def.'s Resp., ¶ 12. Defendant also admits that he has not satisfied, or been released from, his obligations under the Note held by Plaintiff. Pl.'s Statement, ¶ 15; Def.'s Resp., ¶ 15.

According to WSFS, the following amounts are due by Defendant under the Note and Mortgage as of March 4, 2016:

- Principal: $2,135,619.62
- Interest: $47,855.24
- Appraisal Fee: $870
- Late Charge: $12,722.28
- Delinquent Taxes: $13,985.85
- Property Report: $50

- Attorneys' Fees: $9360.08

Pl.'s Statement, ¶ 13. WSFS also notes that interest continues to accrue at a *per diem* default rate of $204.23 from and after March 4, 2016 until paid in full. *Id.* Defendant disputes the amounts due to Plaintiff, particularly the late charges, the *per diem* interest rate, and the reasonability of certain fees. *See* Def.'s Resp., ¶ 13; Def.'s Br., at 5-7 (Doc. No. 13).

## II. STANDARD

The court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Id.* at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in her favor. *Id.* at 255.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which jury might return a verdict in his favor. *Id.* at 257. Furthermore, the nonmoving may not simply allege facts, but instead must "identify those facts of record which would contradict the facts identified by the movant." *Port Auth. of N.Y. and N.J. v. Affiliated FM Ins. Co.*, 311 F.3d 226, 233 (3d Cir. 2002). If a nonmoving party's responsive statement merely attempts to dispute a fact asserted and supported by the record by the moving party, without supporting their position with a citation to the record, such statement is

insufficient to create an actual dispute of fact, and the Court will regard the moving party's facts as undisputed for the purposes of the motion. *See Soto-Muniz v. Corizon, Inc.*, No. 10-3617, 2015 WL 1034477, at *3 n.3 (D.N.J. Mar. 10, 2015). The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III. DISCUSSION

As noted above, Plaintiff moves for summary judgment for entry of an *in rem* judgment against Defendant in light of his default under the terms of the Note. In New Jersey, a foreclosure action requires a court to determine "the validity of the mortgage and the amount of indebtedness due theron, . . . and to adjudicate the right to foreclosure, namely, to resort to the mortgaged lands for satisfaction of the indebtedness." *Central Penn. Nat'l Bank v. Stonebridge Ltd.*, 448 A.2d 498, 504 (N.J. Super. Ct. Ch.Div.1982) (citations omitted). *See also Assocs. Home Equity Servs., Inc. v. Troup*, 778 A.2d 529, 540 (N.J. Super. Ct. App.Div. 2001) (noting that a foreclosure action "is a quasi in rem procedure to determine not only the right to foreclose, but also the amount due on the mortgage.") (citations omitted).

Plaintiff argues that Defendant has admitted almost all of the facts necessary to support a judgment against Defendant. Pl.'s Br., at -6 (Doc. No. 10-3). As discussed above, Defendant has admitted that he failed to make regular monthly payments under the terms of the note and mortgage for the months of August, September, October, November, and December 2015, and has not paid any sums due as of the filing of the Motion for Summary Judgment. Defendant also admits that he has not satisfied, or been released from, his obligations under the Note held by Plaintiff. Furthermore, the Note provides that failure to make payments due under the Note

4

constitutes an Event of Default which, after notice, makes the entire amount owed due and payable immediately. Pl.'s Br., at 5-6. The Note and Mortgage also provide that WSFS may institute an action in mortgage foreclosure upon default. Defendant only contests the accuracy of the amounts WSFS claims that he owes, and demands "[s]trict proof" of the amounts owed at trial. Def.'s Resp., ¶ 13. The Court finds that there is no dispute as to any material fact regarding Plaintiff's right to foreclose on Defendant's Mortgage, nor is there any real dispute over amounts owed with the exception of attorneys' fees. *See Wilmington Sav. Fund Soc'y, FSB v. Harvin*, No. 15-7853, October 14 Summary Judgment Opinion, at 8-9 (Doc No.19). Accordingly, the Court grants Plaintiff's Motion for Summary Judgment for Foreclosure and sale of the property to satisfy the amount determined in the Court's opinion issued on this date. That amount is $2,249,773.16 plus continuing interest at the $204.23 *per diem* rate for each day after October 14, 2016 until such time that the account is paid in full and any attorneys' fees that this Court may approve upon Plaintiff providing adequate documentation.

### IV.   CONCLUSION

For the reasons discussed above, Plaintiff's motion is **GRANTED**. An appropriate Order shall issue.

Dated: 10/14/2016                                                                  s/ Robert B. Kugler
                                                                                                      ROBERT B. KUGLER
                                                                                                      United States District Judge